IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WEYERHAEUSER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN TRANBERG,<br><br>Defendant. | Case No. 6:19-cv-01564-MK<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

**Michael H. Simon, District Judge.**

Plaintiff Weyerhaeuser Company ("Weyerhaeuser") has moved *ex parte* for entry of a Temporary Restraining Order and for Order to Show Cause Why a Preliminary Injunction Should Not Enter against Defendant Susan Tranberg ("Tranberg"). ECF 5. The Court has reviewed the motion and memorandum in support (*id.*), the Declaration of Justin Nikbakhsh (ECF 6), the Certification of Counsel Douglas R. Pahl (ECF 7), and the Complaint (ECF 1). For the reasons that follow, Weyerhaeuser's motion is granted.

## STANDARDS

In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839

n.7 (9th Cir. 2001).] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

Under Rule 65 of the Federal Rules of Civil Procedure:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). There is a "very narrow band of cases" in which a TRO should be granted *ex parte*. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

In order to justify an *ex parte* TRO based on allegations that a defendant would further commit fraudulent behavior such as disposing assets, a plaintiff must show that the defendant "would have disregarded a direct court order and disposed of the [assets] within the time it would take for a hearing and must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.*

## DISCUSSION

In addition to Weyerhaeuser being a private owner of timberlands, it is a manufacturer of wood products, with operations throughout the Northwest, including facilities employing approximately 100 employees in Springfield, Oregon. Tranberg is an individual residing in Lane County, Oregon. She was employed by Weyerhaeuser for 42 years, serving from October 25, 1976, until January 15, 2019, when Weyerhaeuser terminated her employment. At all relevant times, Tranberg held various finance and accounting positions at Weyerhaeuser's Springfield location. According to Weyerhaeuser, Tranberg, used her knowledge of Weyerhaeuser's financial systems and procedures to circumvent Weyerhaeuser's security measures and steal not less than $4,581,218.00. Tranberg allegedly defrauded Weyerhaeuser for at least 15 years by creating fictitious vendors and then fraudulently approving payments to those vendors by forging coworkers' signatures and hacking into their computer systems without authorization or consent. Weyerhaeuser contends that Tranberg used these wrongfully obtained payments for her personal benefit. According to Weyerhaeuser, on January 15, 2019, Weyerhaeuser officials interviewed Tranberg at a hotel near the Springfield facility, during which Tranberg admitted defrauding Weyerhaeuser for more than a decade by: (i) creating non-existent vendors; (ii) forging contracts; (iii) orchestrating requests for third-party payments; and (iv) falsifying payment approvals by her colleagues by forging their signatures and using their log-in credentials without

authorization. Weyerhaeuser terminated Tranberg's employment on January 15, 2019. On February 1, 2019, Weyerhaeuser referred this matter to the United States Attorney for the District of Oregon. In February 2019, after her termination, Tranberg made a single payment to Weyerhaeuser in the amount of $350,000 as partial repayment. In February and July 2019, Tranberg liquidated her 401(k) and pension accounts. According to Weyerhaeuser's information and belief, Tranberg received amounts in excess of $1 million, withdrawing $520,847.30 on January 22, 2019 and $112.84 on February 6, 2019 from her 401(k) account, and $520,140 from her pension account on July 1, 2019.

On September 30, 2019, Weyerhaeuser filed this lawsuit, asserting claims of conversion, breach of fiduciary duty, fraud, and money had and received. Weyerhaeuser seeks both monetary and injunctive relief, including temporary, preliminary, and permanent injunctive relief prohibiting Tranberg from making transfers, gifts, or purchases outside the ordinary course unless otherwise authorized by the Court. Also on September 30, 2019, Weyerhaeuser requested a TRO and began efforts to complete formal serve of process on Tranberg.

Based on the materials reviewed by the Court as described above, the Court finds:

1. Weyerhaeuser is likely to succeed on the merits.

2. Weyerhaeuser is likely to suffer irreparable harm in the absence of temporary relief. If Tranberg continues to commit fraudulent acts, that will inflict additional irreparable injury on Weyerhaeuser by diminishing assets in her possession that may be available for recovery by Weyerhaeuser before Weyerhaeuser's Motion for Preliminary Injunction can be heard and determined. Although this dispute only involves the loss of money to Weyerhaeuser, in the absence of temporary relief, Weyerhaeuser is unlikely to be able fully to recover its losses allegedly caused by Tranberg.

3.  The balance of equities tips in favor of Weyerhaeuser.

4.  A TRO is in the public interest.

5.  Entering this Order without notice is appropriate to reduce the risk of additional irreparable injury to Weyerhaeuser. The Court, however, grants leave to Tranberg to seek reconsideration of this Order, even before the date set for the preliminary injunction hearing. If Tranberg seeks reconsideration of this Order, a hearing on that motion will be promptly set and given priority by the Court.

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

1.  Tranberg is hereby restrained from making any transfers, gifts, or purchases outside of the ordinary course.

2.  Tranberg must appear before this Court on Tuesday, October 15, 2019, at 2:00 p.m., in the Mark O. Hatfield United States Courthouse, Courtroom 15B, at 1000 SW Third Avenue, Portland, Oregon, and show cause, if any, why she should not continue to be restrained from making transfers, gifts, or purchases outside of the ordinary course.

3.  Not later than 4:00 p.m. on October 3, 2019, Weyerhaeuser shall, pursuant to Fed. R. Civ. P. 65(c), post security in the amount of five thousand dollars ($5,000.00) in cash or by surety in a form compliant with applicable federal law.

4.  This Order shall expire not later than fourteen days after entry.

**IT IS SO ORDERED.**

DATED this 2nd day of October, 2019, at 11:30 a.m.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge